[L. A. No. 329. Department One.—June 10, 1898.]

## H. C. FIREBAUGH, Appellant, v. BLANCHE M. BURBANK et al., Respondents.

Estates of Deceased Persons—Services of Attorney for Executors.—An attorney for executors has no claim against the estate of the deceased testator, except for services rendered to them in behalf of the estate, and in such an amount as may be allowed therefor by the court to the executors.

Id.—Distribution to Executors as Trustees—Defense of Decree—Estate not Chargeable.—The executors are not authorized to make a charge against the estate for the purpose of defending a decree of distribution to them as trustees, against an appeal therefrom.

Id.—Appeal from Decree of Distribution—Care of Estate—Supplemental Account.—The appeal of the widow as heir of the estate from the decree of distribution to the executors as trustees suspended its execution, and the executors were required to retain the property in their care and custody; and, upon reversal of the decree, were entitled to present a supplemental account for extra services or commissions or for compensation for the services of an attorney whose aid was required during said period, and to be allowed such sums as the court might deem just and reasonable, upon a proper showing.

Id.—Commissions of Executor—Change of Character of Property.—The executor is not entitled to extra commissions for any mere change in the character of the property, such as the collection of outstanding claims distributed in kind, or the collection of policies of insurance for property destroyed by fire, there being no increase in the value of the property, and no additional estate to be accounted for.

Id.—Extra Services of Executor.—An executor is not entitled to any further allowance in addition to the commissions fixed by statute, unless he shall show that he has rendered some extraordinary services, and shall make a claim therefor, and it shall appear to the court that the claim is just and reasonable.

Id.—Unallowed Claims for Services—Illegal Contract with Heir.—A contract between the heir and the attorney for the executor, agreeing to pay unallowed claims in favor of the attorney for extra services rendered by him to the executor, and in favor of the executor for commissions and extraordinary services, is illegal and void, and cannot be enforced against the heir.

Id.—Fiduciary Relation of Executor—Presumption of Undue Influence. The executor is an officer of the court who is intrusted with the custody of the estate for its administration pending its transmission from the ancestor to the heir, and his relation to the court and to the heir is fiduciary, and he cannot directly or indirectly make any profit out of the estate without the sanction of the court; and the

law presumes that an agreement by the heir to pay any compensation not allowed by law or fixed by the court, has been obtained by undue influence of the executor, and will not enforce such an agreement against the heir.

ID.—CONSTRUCTION OF CODE—VOID CONTRACT FOR EXTRA COMPENSATION—CONTRACT UNLAWFUL IN PART.—The provision in section 1618 of the Code of Civil Procedure making void all contracts for higher compensation between an heir and an executor is not limited to contracts made directly between the heir and the executor, but includes all contracts or agreements by which the executor will receive directly or indirectly any greater compensation than has been fixed by statute, or previously ascertained and determined by the court, and applies to every contract which has for one of its objects the payment of such greater compensation, as well as to those made solely for such payment; and any contract made in violation of this provision is unlawful and void, though it may be lawful in part, if the lawful portion is not severable from that which is unlawful.

ID.—CONSIDERATION—WAIVER BY EXECUTOR—UNLAWFUL OBJECT OF CONTRACT.—The object of the contract between the heir and the attorney for the executor being unlawful, the contract was void, irrespective of the consideration therefor; and the waiver by the executor of his right to apply for an allowance by the court for commissions and extra services cannot support the contract.

ID.—LEGALITY OF COMMISSIONS—EXTRA SERVICES NOT DISTINGUISHED.—Even if the waiver by the executor of his right to apply to the court would uphold an agreement by the heir to pay the legal commissions of the executor, it could not support such an agreement to pay him commissions in excess of the amount fixed by statute; nor could it support an agreement by the heir to pay commissions and extra services not allowed by the court, where there is no mode of ascertaining by the terms of the contract what part was intended for commissions and what part for extra services; but, in such case, the whole contract is void.

PLEADING—AMENDMENT OF ANSWER TO CONFORM TO PROOFS.—The court may permit a defendant to amend his answer at the trial to conform to the proofs, where it does not appear that the plaintiff has been misled to his prejudice by allowing the testimony, which the amendment was intended to cover, and, in such case, the evidence introduced and the findings made thereupon are to be regarded as if the defendants had amended their answer prior to entering upon the trial and prior to the introduction of the testimony. Any testimony, by depositions or otherwise, relevant to the issues made by the amended answer is properly considered by the court in making up its decision.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Lucien Shaw, Judge.

The facts are stated in the opinion of the court.

Henning & Bowen, for Appellant.

R. A. Redman, and John D. Pope, for Respondents.

HARRISON, J.—By the complaint herein the plaintiff seeks to recover upon a written contract made to him by the defendants November 4, 1895, for the payment of nine thousand five hundred dollars in installments of five hundred dollars, payable on the tenth day of each month thereafter. In the answer originally filed, the defendants pleaded want of consideration for the execution of the instrument, and that it was made as a donation or gift; and by amendments thereto subsequently filed they pleaded that it was obtained by the plaintiff by duress and fraud, and also that it was illegal, and therefore void. The cause was tried by the court, and findings of fact were made in accordance with the answer, and judgment rendered in favor of the defendants, from which the present appeal has been taken.

There was evidence before the court from which it was authorized to make its findings of fact, and the correctness of the judgment must depend upon the sufficiency of these findings to support the judgment. If the findings of fact that are within the issues presented by the pleadings are sufficient to uphold the judgment, it will not be set aside because there are also findings outside of these issues. These latter findings are to be disregarded as immaterial. The question therefore presented is, whether the findings of fact sustain the judgment.

The instrument upon which the action is brought was executed under the following circumstances: By the last will and testament of William Walkerly, deceased, the testator had made two of his nephews his executors, and had given to them the bulk of his estate in trust for certain purposes. Distribution of the estate was made in accordance with the terms of the will November 27, 1893; but upon the appeal therefrom by the widow the supreme court reversed the decree, and under its opinion rendered upon the reversal (*Estate of Walkerly*, 108 Cal. 627) she became entitled to the entire estate, and, after the *remittitur* had been filed in the superior court, the hearing for a distribu-

tion was set for November 4, 1895. By the reversal of the decree the testator's provision for the nephews had become nugatory, and Bacon, one of the nephews and executors, having died pending the appeal, the testator's widow, who in the meantime had married Mr. Burbank, her codefendant, formed a purpose to make some provision for the widow of Bacon, and also for the other nephew, and this purpose having been brought to the knowledge of the plaintiff, he insisted that he was entitled to compensation—fixed by him at the sum of ten thousand dollars —for certain services which he had rendered the estate, and that he should be included in the provision which she intended to make. Considerable negotiation was had upon the subject, the plaintiff also claiming that the surviving executor was entitled to compensation for extraordinary services in caring for the estate—the entire amount claimed in their behalf being thirty thousand dollars—and Mrs. Burbank was led to believe that the distribution of the estate would be delayed unless she assented to his demand. She was, therefore, induced to consent that the sum of twenty-one thousand dollars, including the surrender to Barker, the surviving executor, of his note for one thousand dollars, be given for the use of the three. The plaintiff insisted that the money which she intended to give should be paid through him, and accordingly a check for the sum of ten thousand five hundred dollars was drawn by Barker upon the funds of the estate, then under his control, and given to the plaintiff, and the agreement set forth in the complaint was executed by the defendants.

It is not claimed on this appeal that the plaintiff had any claim against the defendants, except such as he was entitled to assert by reason of his claim against the estate. The agreement of the defendants with the plaintiff stands in the same position, and is to be considered with the same effect, as if it had been made with the surviving executor. The plaintiff was but the agent of the executors, and the agreement sued upon was made in behalf of the surviving executor. He was their attorney, and had no claim against the estate of Walkerly, except for services rendered them in behalf of the estate, and to such an amount as should be allowed therefor by the court to the executors. The executors were not, however, authorized to cre-

ate a charge against the estate for the purpose of defending the decree of distribution against the appeal therefrom. The estate had been distributed to them as trustees, and the defense of the decree was to be made by them as such distributees, and not as executors, and the expense incurred thereby could not be made a charge against the estate. (*Estate of Marrey,* 65 Cal. 287.) After the death of her husband, Mrs. Bacon could have had no claim against the estate or against the defendants for services thereafter rendered in the administration of the estate.

In the decree of distribution of November 27, 1893, the court allowed the sum of three thousand five hundred dollars for the services of the plaintiff to the executors up to the date of that decree, and refused to make to the executors any allowance for extraordinary services in the administration of the estate. The appeal by the widow from this decree suspended its execution, and until the determination of that appeal the executors were not only precluded from distributing the estate in accordance with its terms, but were required to retain the property in their care and custody. Upon the reversal of the decree, and until a decree of distribution should be rendered in accordance with the opinion of the supreme court, their relation to the estate was the same as it was immediately prior to its entry in November, 1893. For whatever services they might require the aid of an attorney during this period, the court was to allow them in the settlement of any supplemental account they might present, and they were also entitled to commissions upon any additional property of the estate which might during this interval come into their custody and be accounted for by them. If they should be required to render any extraordinary services during this time, the court could, upon their making claim therefor, allow them such sum as it might deem just and reasonable. A mere change of the character of the property, such as the collection of outstanding claims that had been distributed in kind, or, as in the present case, the collection of policies of insurance for property destroyed by fire, would not entitle them to commissions upon the amounts so collected, since the property of the estate would thereby be only changed in form, but not increased in value, and no additional estate would be accounted for.

. But, before the court could make any allowance from the estate, the surviving executor was required to present his account, and to show to the satisfaction of the court that it was necessary to employ an attorney in the suits or proceedings for which the expenses of his services are claimed, and that the amount of such fees is reasonable, and was a necessary expense in the care and management of the estate. (Code Civ. Proc., sec. 1616.) The executor is not entitled to any "further allowance" in addition to the commissions fixed by statute, unless he shall show that he has rendered some extraordinary services, and shall make a claim therefor, and it shall appear to the court that such claim is just and reasonable. (*Estate of Delaney,* 110 Cal. 563.) He is the officer of the court who is intrusted with the custody of the estate for the purpose of administration pending its transmission from the ancestor to the heir, and his relation to the court, as well as to the heir, is of a fiduciary nature; and it is the policy of the law that the court shall have a supervisory control of all his acts and transactions, and of all claims which he may have against the estate, and that he shall not directly or indirectly make any profit out of the estate, or appropriate to himself any of its property without the sanction of the court. The provision in section 1618 of the Code of Civil Procedure, making void all contracts for higher compensation between an heir and an executor, is not limited to contracts made directly between the executor and the heir, but includes all contracts or agreements by which the executor will receive either directly or indirectly any greater compensation than has been fixed by the statute, or any compensation other than such as may have been previously ascertained and determined by the court, and applies to every contract which has for one of its objects the payment of such greater compensation, as well as to those which are made solely for such payment. A contract made in violation of this provision is against the policy of the law, and is therefore unlawful, and, when the object of a contract is unlawful in part, the entire contract is void, unless the lawful portion thereof is severable from that which is unlawful. An agreement by the heir to compensate the executor for extraordinary services, or for the expenses incurred in employing attorneys other than such as may have been previously fixed by the

court, is as fully within the prohibition of the statute as an agreement to give him a greater rate of commission than is fixed by the statute. The relation between them is that of a trustee and his beneficiary, and the law presumes that such an agreement by the heir has been obtained through the undue influence of the executor, and will not enforce it against the heir.

The agreement upon which the present action is brought is a part of the transaction between Mrs. Burbank, the heir to the estate of Walkerly, and Barker, the surviving executor of his will, for the payment of the sum of twenty-one thousand dollars for commissions and extra services claimed by the executor for the administration of the estate, subsequent to November 27, 1893, of which the executor was to receive eight thousand dollars for himself and eight thousand dollars for the plaintiff in compensation for services rendered as his attorney in the management of the estate. There is no mode of ascertaining by the terms of this contract what portion thereof was intended for commissions, or the amount which the executor was entitled to receive as commissions. The account which was filed by him upon the hearing of the distribution was settled and allowed by the court, and no claim for commissions was included therein. No application for an allowance for extraordinary services was made to the court, nor any claim for the expense of attorneys' fees, and, as we have seen above, in the absence of any allowance therefor by the court, the executor was not entitled to any compensation for such services or expenses, and an agreement by the heir to pay him therefor is void.

The claim by the plaintiff that the waiver on the part of the executor to apply for such allowance was a sufficient consideration for the agreement cannot be sustained. If the object of a contract is unlawful, the contract is void, irrespective of the consideration upon which it is made. Even if it be conceded that such waiver would uphold an agreement to pay the legal amount of commissions to which the executor would be entitled, the proposition is inapplicable to the present case. Barker testified at the trial that the object of the agreement set forth in the complaint was to compensate him for commissions and extra services, and as the amount of the estate which he had received subsequent to the former decree, aside from the policies of in-

surance, was less than fifty thousand dollars, the money which was received by him at the time the instrument was executed was largely in excess of the compensation fixed by statute.

During the trial evidence was offered and received on behalf of defendants, to which the plaintiff objected on the ground that it was immaterial and irrelevant to any issue before the court, and at the close of the trial, and after argument by counsel, the court announced that it would direct findings and judgment in favor of the defendants, but stated that it would be necessary to amend the answer in order that it might conform to the proofs. An amendment to their answer was accordingly filed by the defendants, and thereafter the plaintiff made a motion to reopen the case for the purpose of receiving additional evidence in his behalf under the issues raised thereby, and also demurred to the amendment upon the ground that it stated no defense to his cause of action. After argument thereon the court denied the motion and overruled the demurrer.

The defendants had the right to present by their answer any matter which would constitute a defense to the cause of action set forth in the complaint, and the court was authorized to permit them to plead such matter by amending their answer, even after the trial had commenced. If, without such amendment, evidence was received at the trial which did not constitute a material variance, the court could either find the fact in accordance with the evidence, or it could direct the pleadings to be amended to conform thereto. (Code Civ. Proc., sec. 470.) When this evidence was offered the plaintiff did not claim that he was misled by its introduction, or in any way prevented from maintaining his cause of action upon its merits. Nor did he upon his motion to reopen the cause, or afterward upon his motion for a new trial, make it appear to the court that he was prejudiced thereby, or in any way prevented from introducing evidence, or that he was able to present any evidence that would tend to overcome this testimony.

The evidence thus introduced and the findings made thereon are, therefore, to be regarded as if the defendants had amended their answer so as to present these issues prior to entering upon the trial, or even prior to the introduction of any testimony. A similar observation is to be made upon the introduction of cer-

tain depositions which were taken before the first amendment to the answer was filed. If the matter contained in these depositions was relevant to the issues before the court when the cause was submitted for decision, it was properly considered by the court in making its decision.

The judgment and order are affirmed.

Garoutte, J., and Van Fleet, J., concurred.