[L. A. No. 14000. In Bank.—March 1, 1933.]

CLARENCE LUDWIG, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Pottle & Pottle for Petitioner.

Everett W. Mattoon, County Counsel, and S. V. O. Prichard, Deputy County Counsel, for Respondents.

THE COURT.—Petition for writ of review.

The executors of the estate of Stephen M. Meyers, deceased, respondents herein, filed in the Superior Court of Los An-

geles County their first report and account. Petitioner, a creditor, objected to a number of items and filed his exceptions. After the hearing, the court entered its order sustaining some exceptions, overruling others and settling the account. Petitioner gave notice of appeal, and presented a proposed bill of exceptions. The executors, claiming that said proposed bill was inaccurate and should be corrected before settlement, applied to the court for authorization to procure a reporter's transcript of the proceedings, and to employ special counsel to prepare amendments. The court granted the application, entering an order in the following language: "Application of executors . . . for an order authorizing them to secure a reporter's transcript at legal rates and to employ counsel to prepare amendment to bill of exceptions and on appeal is granted. The fees to be fixed by the court upon the settlement of the bill of exceptions." Petitioner seeks this writ of review to annul the order as beyond the jurisdiction of the court, contending that the executors cannot charge the estate with the expense of defending on appeal those items of the account which deprive the estate of money; that the order for the transcript is anticipatory of a judgment for costs on appeal; and that the court cannot, in advance of the performance of legal services, determine that they are extraordinary, or fix the fees therefor.

No authority in point is presented on behalf of petitioner and we think the objections raised are untenable. An executor or administrator is entitled to charge the estate with all necessary expenses in the care, management and settlement thereof (Probate Code, sec. 900) ; and a reasonable sum may be allowed by the court to attorneys rendering extraordinary services to the estate. (Probate Code, sec. 910.) In seeking assistance in the present appeal, the executors are protecting the interests of other creditors and acting in consonance with the fiduciary duties imposed upon them, and there is no reason why, if they are in good faith, they should be precluded from charging the estate with this expense. (See *In re Rose*, 80 Cal. 166 [22 Pac. 86] ; *Pinckard* v. *Pinckard*, 24 Ala. 250.) The application to the court in advance was not required by the statute, although it is said to be the better practice. (*Estate of Smith*, 118 Cal. 462 . [50 Pac. 701].) The order of the

court rendered upon such application in advance is merely permissive, and tends to show good faith on the part of the executors in making the application. No fees can be fixed prior to the rendition of the services, and the order involved herein does not purport to fix any sum as fees. Likewise, if petitioner is successful in his appeal, the lower court will not be precluded thereafter, in its discretion, upon the presentation of a later account, from refusing to allow these expenses as a charge against the estate. (*Estate of Smith, supra.*)

Since the order does not finally determine any matters which might tend to injure petitioner's rights, and constitutes a reasonable procedure upon the part of the executors and the court, there is no ground for its annulment.

The order is affirmed.