[Civ. No. 21869.   Second Dist., Div. One.   Mar. 12, 1957.]

Estate of GORDON E. BEHR, Deceased. FATIMA SAZIYE BEHR et al., Appellants, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION et al., Respondents.

Max Fink and Emmet G. Lavery, Jr., for Appellants.

G. L. Berrey, Wright, Wright, Green & Wright, Loyd Wright, Herschel B. Green and Dudley K. Wright for Respondents.

DORAN, J.—The appeal herein is from orders of the probate court settling the executor's third and final account and overruling objections thereto; denying the widow's claim to community property, and holding that decedent was a resident of Colorado and not California; awarding fees to executor and attorneys for services in defending against the objections, and ordering such fees to be charged against the interest of the widow-objector.

The record discloses that the testator, Gordon E. Behr, died December 21, 1951, in Madrid, Spain, leaving a will which had been made in Tokyo, Japan in which testator is described as "Gordon E. Behr of Tokyo, Japan," and naming the Bank of America as executor. The will left 40 per cent of the estate to the widow, Fatima Saziye Behr; 40 per cent to Louis and Mabel Behr, testator's parents; 10 per cent to Isabel Price Behr, a former wife; and 10 per cent to George T. Walker, a friend. The testator left no issue.

At the outset, it may be observed that many of the appellants' contentions assail the findings of the trial court on the ground that the same are not sustained by the evidence. As pointed out in respondents' briefs, it is fundamental

that an appellate tribunal will not attempt to weigh the evidence where the record contains substantial evidence in support of the findings. This rule applies whether such evidence is contradicted or uncontradicted.

The above stated rule is particularly applicable to appellants' contentions contesting findings to the effect that testator was not a resident of California, and that the property in question was not community property. The voluminous record indicates that much evidence was presented to the trial court on these issues.

It is true that the decedent had resided in California with a first wife who secured a California divorce in 1949, at which time the decedent was living in Tokyo. Gordon E. Behr, deceased, married Fatima Saziye Behr, the widow, in 1950, and until decedent's death on December 21, 1951, Gordon and Fatima lived in various parts of the world where Mr. Behr was required to be in connection with an export-import business. From the mass of evidence presented, the trial court found that the decedent was not a resident of California at the time of death and that the property was not of a community nature. That these findings are sustained by substantial evidence, cannot be doubted.

One of appellants' most important points is based upon alleged "failure on the part of the Bank (executor) to preserve a wholly-owned estate corporation, G. E. Behr and Co. Inc., which was the principal asset of the estate." Notwithstanding the bank's possession of all the outstanding stock and of all relevant financial data, appellant claims that "The said estate corporation and its assets became entirely lost to the estate by reason of the negligence of the Bank." In this connection it is also alleged that, "with full knowledge that one Monro has usurped and converted the assets of the corporation, and without order of Court Bank paid from the estate and to Monro the sum of $12,075.32 as a purported compromise of claims which did not in fact exist."

The trial court found that "the Executor was informed that the corporation was mismanaged and that the Executor took no action and exercised no rights as a stockholder with reference thereto." However, it was also found that "It is not true that as a result of any conduct of the management of the corporation, any of the assets . . . have been lost or have disappeared or that the shares of stock have been rendered valueless or have been reduced in value in any amount." The court further found that although "the Executor was

negligent in failing to take steps for the care, preservation and management'' of the corporation, ''it is not true that loss resulted from such inaction,'' and also found that the executor's inaction ''was with the full knowledge, approval and consent of each of the legatees,'' resulting in an estoppel.

Although there is evidence of the executor's inaction and negligence in respect to the corporation in question, the record discloses substantial evidence in support of the trial court's finding that the bank's conduct was with the knowledge and consent of the parties in interest, and that the estate suffered no loss from that conduct. At best, the record reveals a conflict in the evidence in respect to these matters and under the rule hereinbefore mentioned, the findings of the trial court may not be disturbed. Nor is any reversible error discovered in respect to the trial court's rulings concerning the admission and exclusion of evidence.

The appellants also complain that ''The services rendered by an executor and its counsel for the purpose of obtaining absolution and exoneration by the court in connection with its misconduct of the affairs of an estate cannot be charged against a single legatee.'' The trial court found that ''all of the services of the Executor and its attorneys in connection with the defense against the Objections were occasioned by the Objector, FATIMA SAZIYE BEHR, who, . . . is estopped to question the Executor's administration of the G. E. Behr & Co., Inc. stock; that the objections of said legatee were not taken in good faith; that all of the compensation for extraordinary services of the Executor and its attorneys in connection with the said Objections, . . . to wit, the total sum of $18,850.00 shall be allowed out of the estate and shall be charged against the interest of the Objector, FATIMA SAZIYE BEHR.''

As said in *Estate of Raphael,* 128 Cal.App.2d 92, 98 [274 P.2d 880], ''The allowance of extraordinary fees is a matter of discretion with the trial court and is not to be interfered with on appeal except for abuse. . . . (*Estate of Scherer,* 58 Cal.App.2d 133, 142 [136 P.2d 103]).'' In the instant case, a review of the record fails to disclose any abuse of discretion in respect to the amount of fees allowed.

However, in the present case the trial court's order that ''the total sum of $18,850.00 (extraordinary fees) shall be allowed out of the estate and *shall be charged against the interest of the Objector,* FATIMA SAZIYE BEHR,'' (italics added), on the theory that the objector was ''estopped to

question the Executor's administration of the G. E. Behr & Co., Inc. stock; that the Objections of said legatee were not taken in good faith," cannot be justified under either the law or the evidence.

As hereinbefore indicated, the record does disclose evidence to the effect that there was some executor's inaction and negligence in respect to the corporation in question. It follows that the objector was legally entitled to question such conduct, and unless there is clear evidence of bad faith in so doing, such an objector should not be penalized therefor. A survey of the record herein fails to reveal substantial evidence of bad faith; therefore, neither equity or justice require that the objector's interest be made subject to the burden of paying the entire amount of fees for extraordinary services rendered by the executor and its attorneys.

The judgment is therefore modified to provide that such fees be charged solely against the estate, and as so modified, is affirmed. The parties will bear their respective costs on appeal.

White, P. J., concurred.

Fourt, J., dissented.

A petition for a rehearing was denied April 8, 1957. Fourt, J., was of the opinion that the petition should be granted. Appellants' petition for a hearing by the Supreme Court was denied May 8, 1957.