[Civ. No.29832.. Second Dist., Div. One. Mar. 17, 1966.]

Estate of PEARL BEIRACH, Deceased. IRVIN A. BROCK, as Executor, etc., Petitioner and Respondent, v. HELEN MAJOR et al., Objectors and Appellants.

Rubin & Juster and Gene L. Rubin for Objectors and Appellants.

Earl Klein for Petitioner and Respondent.

LILLIE, J.— This is an appeal from portions of an order settling respondent's final account as executor of the

estate of the late Mrs. Beirach which awarde'd extraordinary fees to certain of the executor's attorneys. The principal point advanced is that the services were rendered not on behalf of the estate but for the benefit of respondent in his individual capacity. (*Estate of Murphey,* 7 Cal.2d 712, 716 [62 P.2d 374].)

Appellants are respondent's sisters, all concerned being Mrs. Beirach's children. She died testate in December of 1961, her will providing that 50 percent of her estate be given to respondent and 25 percent each to the appellants. An inventory and appraisement was duly returned and filed by respondent; it showed a valuation of $71,113.28. Some five months later, in August of 1962, appellants made complaint against respondent under section 613, Probate Code, requiring him to inventory property additional to that set forth in the inventory. Therein it was alleged that respondent, as a result of fraud and undue influence exercise'd by him upon decedent, had obtained other property and money by gift from his mother which properly belonged to her estate; that these activities and transfers occurred within five years prior to decedent's death and represented substantial sums all specified in the complaint. A petition under section 613 being in the nature of a discovery proceeding (*Estate of Schechtman,* 45 Cal.2d 50, 53 [286 P.2d 345]), by stipulation respondent's deposition was taken in lieu of a court hearing pursuant to said statute. Thereafter, when respondent's first account was filed on June 8, 1963, appellants objected thereto on some 30 grounds.[1] Hearing of such exceptions was then assigned to another judge (Judge Praeger) who, after several days of testimony, disallowed each exception and specifically found that respondent had practiced neither fraud, 'duress, undue influence nor forgery to procure the gifts in suit. In due time an order was entered settling the first account.

On January 8, 1964, respondent petitioned the court for reimbursement of fees paid to attorneys for extraordinary services. Judge Stephens denied reimbursement without prejudice to any subsequent petition for fees for services rendered to the executor on behalf of the estate in defending against the objections; in so 'doing, he held that he was without power to

---

[1]Appellants' objections were grounded on the same claims asserted in their ''complaint'' under section 613, the items of property being set forth with more particularity and the additional claim being made that respondent was guilty of forgery.

award fees for services rendered to respondent in the section 613 proceeding. (While the statute provides that the executor, if "found innocent," must be allowed his "necessary expenses out of the estate," nothing is said about fees for his attorney.) The court also observed that the application was premature, "the matter being on appeal"—according to respondent, the accuracy of which statement is not challenged by appellants, the appeal was "from the order settling the First Account." Such appeal, it appears, was subsequently abandoned.

When respondent filed his final account, he renewed his application for extraordinary fees for his attorneys; he also asked extraordinary fees for his own services. Appellants filed objections thereto and a hearing thereon was had, the reporter's transcript of which has been made part of the record here. The court denied extraordinary fees to the executor; after finding that they had rendered services to him in his personal as well as his representative capacity, the court awarded extraordinary fees to three of respondent's attorneys —an award of similar fees to a fourth is apparently not challenged—specifically for extraordinary legal services to the executor in defending the latter's first account. As mentioned at the outset, appellants contend that the probate court could not segregate the above services as it did; to the contrary, they assert, respondent occupied a position adverse to the estate throughout the proceedings below and all such services were rendered him in that capacity. In light of the record before us, neither statutory nor decisional law supports the above claims.

We note, preliminarily, that no appeal was pursued by appellants from the order settling respondent's first account, although an appeal properly lies therefrom. (Prob. Code, § 1240; *Estate of Lindauer,* 53 Cal.App.2d 160, 165 [127 P.2d 589].) *Estate of Schechtman, supra,* 45 Cal.2d 50, does not hold otherwise, the appeal in that case having been taken from the order under section 613, Probate Code, and not (as was attempted here) from the representative's account. Upon the hearing of respondent's final account, they were therefore precluded from relitigating the issues raised by their allegations as to respondent's asserted unlawful activities prior to their mother's death *(Bauer* v. *Superior Court,* 208 Cal. 193, 197-198 [281 P. 61]); nor have they done so. We have made mention of the cited case, however, because the history of the

*Bauer* litigation is similar to that at bar. As here, the executors were related to the other party in suit who sought their removal on the ground that they had fraudulently obtained money and property from their deceased relative for which they fraudulently failed to account. Unsuccessful in obtaining a favorable determination of his claims, petitioner eventually filed exceptions to the final account which included an allowance of extraordinary attorney's fees. In *Estate of Bauer*, 208 Cal. 199 [281 P. 63], decided the same day as its companion earlier cited, the order settling the account and dismissing the exceptions was affirmed. On the question of attorney's fees, the court had this to say: ''The allowances made to the attorney and executors for extraordinary services performed, considering the many proceedings instituted and objections made during the course of administration in an effort to oust them and obstruct them in the settlement of the estate, do not appear to be unreasonable.'' (P. 200.) While appellants here did not seek the outright removal of respondent as executor, they certainly alleged grounds therefor, and their conduct otherwise comes fairly within the observations above quoted. Too, the quoted matter is a sound premise from which to proceed further into the merits of the claims here advanced.

Section 910, Probate Code, provides that ''Attorneys for executors and administrators shall be allowed out of the estate, as fees for conducting the ordinary probate proceedings, the same amounts as are allowed . . . as commissions to executors and administrators; and such further amount as the court may deem just and reasonable for extraordinary services.'' The occasion for such extraordinary compensation is a matter for the discretion of the trial court (*Estate of Scherer*, 58 Cal. App.2d 133, 142 [136 P.2d 103]) and includes an allowance to an attorney for defending the administrator's account. (*Estate of Raphael*, 128 Cal.App.2d 92, 97 [274 P.2d 880].) In *Raphael* the administrator's final account was challenged by the surviving widow; she was only partially successful, the court finding in the main against her charges. An extraordinary fee was awarded the administrator's attorneys, and the allowance was sustained on appeal. Said the court: ''The [proceeding] was a challenge by [the widow] of respondent's stewardship of the estate funds as shown in his final account. That the court found only relatively minor modifications indicates that respondent had not 'defaulted in his fiduciary duties' as claimed by appellant. The attorneys were defending

the administrator's account and hence an allowance for extra compensation to them is proper. (See *Ludwig* v. *Superior Court*, 217 Cal. 499 [19 P.2d 984].) While respondent's attorneys on that [proceeding] were also representing him personally as to certain other matters, that fact would not prevent them from being compensated for the services rendered him in his representative capacity." (P. 97.) The court went on to distinguish a number of cases cited by the widow, observing that none of them dealt with services rendered by attorneys for the legal representative in defending an attack upon his account. Concluded the court: "Surely, successfully defending the administrator's account constitutes extraordinary services for which compensation may be allowed. See *In re Rose*, 80 Cal. 166 [22 P. 86], which so holds." (P. 97.)

In the present case (as in *Raphael*) appellants have likewise cited decisions which, under the facts there presented, reach a view favorable to their position; none, however, appear to deal with the same factual situation as was found in *Raphael*. An example is *Estate of Elftman*, 160 Cal.App.2d 10 [324 P.2d 977], where a quiet title suit was filed on behalf of the estate by one of the legal representatives against the other representative in her individual capacity; the action sought to recover for the estate a parcel of property transferred to the defendant four days prior to the decedent's death. Defendant prevailed, and an order was subsequently made awarding fees to her attorney, payable from the estate, for services rendered in the quiet title action. The reviewing court reversed, holding that the award was improper solely because of the adverse position occupied by the defendant in the subject proceeding; it did not, therefore, have occasion (as did *Raphael*) to rule on the question of an award of fees for defending a final account. Finally, appellants have made a very feeble effort to point out the asserted inapplicability of *Raphael* to the issues at bar. They simply say: "Of the cases cited and quoted by respondent, *Estate of Raphael*, 128 Cal.App.2d 92 [274 P.2d 880], is most relied upon, but the court repeatedly says legal services to an executor must be for the estate rather than for him personally, in order to charge such services to the estate." In light of the quoted declarations in the cited case, such argument is wholly insufficient and lacking in merit. We hold that *Raphael* is dispositive of the main issue before us. Too, Judge Stephens' familiarity with this controlling principle of probate law is clearly reflected by the transcript of colloquy between court and counsel. His determination cannot be disturbed.

 Appellants' next contention criticizes the amounts awarded as unreasonable and unnecessary and a palpable abuse of discretion. The allowances were as follows: $1,250 to George Cohn for services in defense of the first account; $3,091 and $72.50 to the firm of Brand and Livingston for similar services, including trial preparation and seven days' trial before Judge Praeger; and $548 to David Pick in connection with the appeal (later abandoned) from the first account current and a court appearance involving one of the several chapters in this rather lengthy litigation. Although the above awards total almost $5,000, it cannot be said that they were exorbitant or unreasonable as a matter of law. Said this court (per White, J.) in *Estate of Scherer, supra,* 58 Cal. App.2d 133, 142-143: "The allowance of extraordinary fees is a matter of discretion with the trial court and is not to be interfered with on appeal except for abuse. Such discretion not only invests the trial court with the power to determine whether the character of the services is such as to warrant extra compensation, but to determine the amount." This is particularly true, as pointed out in *Scherer,* in probate proceedings.

 The following considerations support the claim that the court's discretion was not abused: The estate accounted for was in excess of $82,000; respondent, as beneficiary of one-half thereof, will in effect be paying for one-half of all fees allowed; the proceeding under section 613, Probate Code, coupled with the persistent and incessant character of appellants' opposition to his work as executor, parallel the *Bauer* litigation (*Estate of Bauer, supra,* 208 Cal. 199) and warrant the same determination as to the extent of fees reasonably due in the circumstances.

 Appellants' final point asks us to hold that the court's preliminary denial of fees or "expenses" under section 613, Probate Code, from which no appeal was taken, is res judicata of the several matters arising thereafter. No authority being cited for this novel contention, we ordinarily would not be disposed to give it any consideration. In view of *Estate of Schechtman, supra,* 45 Cal.2d 50, the court's denial of fees under the subject statute was not appealable; too, we have heretofore concluded that services performed in that proceeding could be compensated as services in defense of the executor's final account. (*Estate of Raphael, supra,* 128 Cal.App.2d 92.)

The portions of the order appealed from are affirmed.

Wood, P. J., and Fourt, J., concurred.