[Civ. No. 3502. Second Appellate District, Division Two.—April 16, 1921.]

A. S. ANDERSEN, Appellant, v. M. S. CHARLES et al., Respondents.

[1] SPECIFIC PERFORMANCE—PLEADING—REASONABLENESS OF CONTRACT —ADEQUACY OF CONSIDERATION.—In an action for specific performance of a contract, it is necessary that the complaint allege facts showing that the contract is just and reasonable as to the defendant and that the consideration received for the contract is adequate, and an allegation in terms to such effect is but the statement of a conclusion.

[2] ID.—CONTRACT FOR SALE OF REAL ESTATE—CONSIDERATION—INSUF-FICIENT COMPLAINT.—In an action for the specific performance of a contract for the sale of real estate wherein notes secured by a mortgage on the property are the only consideration for the transfer, the complaint is insufficient in the absence of any allegation of the period over which the notes are to run, the number of the notes, the manner of payment or showing as to the ability of the plaintiff to pay the same.

[3] ID.—ADEQUACY OF CONSIDERATION—IMPROVEMENTS IMMATERIAL.— The point of time as to which the question of adequacy of consideration must relate is the time of the formation of the contract, and the fact that the plaintiff while in possession placed certain valuable improvements upon the land cannot be considered.

[4] APPEAL—DIRECTION AS TO JUDGMENT.—The appellate court cannot direct a judgment in a cause which will preclude the possible maintenance of another action by plaintiff upon a different complaint showing a meritorious cause of action.

APPEAL from a judgment of the Superior Court of San Bernardino County. Rex B. Goodcell, Judge. Affirmed.

The facts are stated in the opinion of the court.

Turnbull, Heffron & Kelley for Appellant.

Frank G. Falloon for Respondents.

WORKS, J.—This is an appeal by plaintiff from a judgment for defendants in an action for specific performance, after demurrer sustained to plaintiff's amended complaint with leave to amend, but the right to amend not being exercised.

It is alleged in the amended complaint, exhibiting only so much of it as is necessary to a consideration of the points presented to us, that the contract sought to be enforced was one by which appellant agreed to buy and respondents agreed to sell certain described real property, consisting of nineteen city lots in a group, at an agreed price of twelve thousand dollars; that respondents made a deed conveying the property to appellant and delivered it to a certain abstract company; that at the same time appellant delivered to the abstract company a mortgage on the land mentioned, together with promissory notes secured by it, in the sum of twelve thousand dollars, bearing

interest at the rate of seven per cent per annum; that respondents agreed to accept the notes and mortgage as the full purchase price of the lots; that respondents received adequate compensation for the agreement sought to be enforced and for the property agreed to be conveyed; that the agreement was fair, just, and reasonable; that the assent of respondents to it was not obtained by misrepresentation, concealments, circumvention or unfair practice of appellant, or by any promise of appellant which has not been substantially fulfilled; that the assent of respondents was not given under the influence of mistake, misapprehension, or surprise; that the value of the property agreed to be conveyed, both at the date of the agreement and at the date of filing the amended complaint was, without certain improvements placed thereon by appellant, twelve thousand dollars; that the interest agreed to be conveyed was, at all times in the amended complaint mentioned, of the fair and reasonable aggregate value of twelve thousand dollars; and that respondents have caused the abstract company to refuse to deliver the deed. The pleading also sets up a communication from respondents by which they notify appellant that the agreement is rescinded upon certain stated grounds. It is alleged that appellant has at all times been ready, able, and willing to perform, has performed, and offers to perform all of the conditions of the agreement on his part to be performed.

[1] Respondents claim that the amended complaint is insufficient because no facts are alleged going to show that the agreement was, as to them, just and reasonable and that the consideration received by them for the agreement was adequate. Such a statement of facts is, of course, necessary in every complaint for specific performance (Civ. Code, sec. 3391, subds. 1, 2; *Joyce* v. *Tomasini,* 168 Cal. 234 [142 Pac. 67]), and the allegation, in terms, that an agreement is just and reasonable as to the defendant and that he has received an adequate consideration for it states merely a conclusion (*Joyce* v. *Tomasini, supra*). The pleading now before us satisfies one of the requirements of the authorities, for it alleges the value of the land agreed to be conveyed (*Lynn* v. *Knob Hill Imp. Co.,* 177 Cal. 56 [169 Pac. 1009]). [2] Not only, however, does it not allege the period over which the notes were to run, nor how

many notes were given, nor whether they were payable in installments, great or small, but there is no showing as to the ability of appellant to pay the notes, nor any allegation of any fact negativing the possibility that the instruments are so much waste paper. These notes, secured by a mortgage upon the very land agreed to be conveyed, were the only consideration for the transfer and, short of a showing of some value behind the paper, respondents' agreement to convey was made solely upon their faith in the value of the land itself. Surely, under such a state of affairs, no adequate consideration was received by respondents and the agreement was, as to them, unjust and unreasonable (*Cummings* v. *Roeth,* 10 Cal. App. 144 [101 Pac. 434]; *Klein* v. *Markarian,* 175 Cal. 37 [165 Pac. 3]).

[3] We have not overlooked the fact that appellant, while in possession, placed certain valuable improvements upon the land. That circumstance cannot be considered in this action (*Windsor* v. *Miner,* 124 Cal. 492 [57 Pac. 386]), for the reason that "the point of time to which the question of adequacy [of consideration] must relate is the time of the formation of the contract" (*Morrill* v. *Everson,* 77 Cal. 114 [19 Pac. 190]). Nothing is availed appellant by reason of the fact that equities arise in his favor because of his expenditures upon the improvements, as "inadequacy of consideration is, under the law of California, an independent and distinct ground for denying specific performance" (*Haddock* v. *Knapp,* 171 Cal. 59 [151 Pac. 1140]).

[4] The respondents ask us, in the event that we sustain them in their contention that the amended complaint is insufficient, to modify the judgment in such manner as to show a judgment in their favor on the merits, the judgment actually entered being for a dismissal; but we cannot direct a judgment in the cause which will preclude the possible maintenance of another action by appellant upon a different complaint, showing a meritorious cause of action (*Robinson* v. *Howard,* 5 Cal. 428; *City of Los Angeles* v. *Mellus,* 59 Cal. 444; *Flood* v. *Templeton,* 152 Cal. 148 [13 L. R. A. (N. S.) 579, 92 Pac. 78]).

The judgment is affirmed.

Finlayson, P. J., and Craig, J., concurred.