[L. A. No. 10134.  In Bank.—January 28, 1929.]

JOHN A. O'CONNELL, Appellant, v. HERMAN LAMPE et al., Respondents.

John L. McGonigle, Tanner, Odell & Taft and S. W. Odell for Appellant.

Dan M. Critchley for Respondents.

WASTE, C. J.—This appeal of the plaintiff from a judgment and decree refusing to order and direct the specific performance of an agreement to convey real property, and from an order denying the entry of another and different judgment, was placed upon a special calendar of this court upon an order to the respondents to show cause why said

judgment should not be reversed, or that such order be made as might be meet in the premises. At the time of the placing of the cause upon said calendar, and the entry of the order to show cause, it appeared that the appellant's brief had been filed herein, but that no brief had been filed on behalf of the respondents, although the time for the filing of such brief under the rules of this court had long since expired. The order to show cause was, therefore, submitted upon the calling of the special calendar on points and authorities presented by the appellant.

On December 5, 1921, the respondents, by written instrument, let and demised the property in question to the appellant for a period of five years, at a monthly rental of $70, with the right of a renewal or extension for a similar period on the same terms, if the lessee were not in default. The lease, by its further terms, gave the lessee an option to purchase the leased premises during the five-year period for the sum of $8,000, the option to take effect immediately from the date upon which the lessee took possession.

Upon the execution and delivery of the lease, the lessee entered into and was thereafter in sole possession of the premises, and at the time of the commencement of the action was conducting a general grocery business thereon. He paid the monthly rental, faithfully performed all the terms and conditions of the lease, and made valuable improvements on the property. On April 8, 1926, and prior to the expiration of the lease, the lessee exercised his right of option by tendering to the lessors the agreed purchase price and demanding a conveyance of the premises. On the refusal of the lessors to accept the tender and to specifically perform, the lessee brought this action, alleging, among other matters, the adequacy of the agreed purchase price of the premises. By their answer respondents denied the allegation of the complaint touching the reasonableness and adequacy of the purchase price. The evidence tended to show that the property was worth approximately $8,000 in 1921 when the lease was executed. It was stipulated by the parties, however, that the property was reasonably worth $12,000 at the time appellant elected to purchase it. The trial court denied the relief prayed for in the complaint, finding that the ''lease and option contract was in effect a continuing offer which was not accepted by plaintiff until April 8, 1926, and that

the offer or agreement to pay $8,000, was at that time no longer an adequate consideration." It also purported to find, as a mixed finding of fact and conclusion of law, that the payment of $70 a month by way of rental, pursuant to the terms of the lease, "was not in excess of the monthly rental value of the premises, and therefore did not furnish an adequate consideration for the option for the purchase of the property." Because of these findings the judgment denying specific performance must be reversed.

The right or option to purchase, given the lessee by this lease, was not a mere offer without consideration. There was a valuable consideration moving from the lessee to the lessors. Contrary to the conclusion of the trial court, the payment by the lessee of the rent for the full term was the consideration for the lessee's irrevocable right to purchase the leased premises for the specified price, if he should elect to do so. (*Gordon* v. *Dufresne,* 205 Cal. 512 [271 Pac. 1066].) Upon his doing so, what was before an option right became an executory contract for the sale and purchase of the property. (*Cates* v. *McNeil,* 169 Cal. 697 [147 Pac. 944]; *Vassault* v. *Edwards,* 43 Cal. 458, 464; Pomeroy's Specific Performance of Contracts, 3d ed., sec. 169, p. 432.) Such optional contracts are almost universally enforced, if fair and resting on adequate consideration, after the parties having the privilege of accepting them have exercised their rights in such a mode as to bind themselves by the contract. Even though unilateral before, on the exercise of the option such contracts become mutual. An option to buy land, perhaps more than any other form of contract, contemplates specific performance of its terms; and it is the right to have them specifically enforced that imparts to them their usefulness and value. (Note to sec. 169, Pomeroy's Specific Performance of Contracts, *supra.*) Specific performance is the proper remedy in such cases, if the contract is certain in all its terms, fair and just in all its parts, and not a hard or unconscionable bargain. (*Hall* v. *Center,* 40 Cal. 63, 67.)

In those jurisdictions in which there is no statute upon the subject the rule is, as stated by Professor Pomeroy, that mere inadequacy of price, that is, inequality in value between the subject matter and the price, is not a ground for refusing the remedy of specific performance. (*Morrill* v. *Everson,* 77 Cal. 114, 115 [19 Pac. 190]; 2 Pomeroy's Equity

Jurisprudence, 4th ed., sec. 926.) But section 3391, subdivision 1, of the Civil Code provides that specific performance cannot be enforced against a party to a contract if he has not received an adequate consideration. ''It is therefore put beyond the reach of successful argument that the laws of the state of California declare to its courts of equity that they shall deny the equitable relief of specific performance when they find an inadequacy of price standing alone.'' (*O'Hara* v. *Wattson,* 172 Cal. 525, 535 [157 Pac. 608].) While there seems to be a conflict among the authorities, the better rule appears to be that questions relating to the fairness and adequacy of the price must be referred to the inception of the agreement. (Pomeroy's Specific Performance of Contracts, *supra,* secs. 177, 178 et seq.) The accepted rule in this state is that the question of the inadequacy of the consideration relates to the time of the formation of the contract, that is, the time the contract was made. (*Morrill* v. *Everson, supra,* at p. 116; *Andersen* v. *Charles,* 52 Cal. App. 290, 293 [198 Pac. 641]; *Keim* v. *Lindley* (N. J. Ch.), 30 Atl. 1063, 1086; 25 R. C. L. 210, par. 10.) The trial court in this case departed from the rule and found an inadequacy of price, not at the time the lease was entered into and the option granted, but at the date on which the option to purchase was exercised. There is no finding of any unfairness or undue delay on the part of the lessee.

The judgment and the order denying the motion of the plaintiff below for the entry of another and different judgment are, and each is, reversed.

Langdon, J., Preston, J., Curtis, J., Shenk, J., Seawell, J., and Richards, J., concurred.