[Civ. No. 7180.   Third Dist.   Oct. 31, 1945.]

DALE DRULLINGER, Respondent, v. CHARLES ERSKINE et al., Appellants.

Jack J. Miller and Fred M. Bollinger for Appellants.

Maxwell M. Willens and Forrest E. Macomber for Respondent.

THOMPSON, J.—The defendants have appealed from a judgment for specific performance of an option to purchase real property for an agreed price of $8,500.

The appellants contend that the complaint fails to state a cause of action for the reason that there is an absence of allegations that the consideration is adequate, or that the transaction is fair and just as to the defendants. It is also asserted the option contained in plaintiff's lease was superseded by a later valid agreement to sell the land for the same price to the United States Department of Agriculture, which took the second option as security for the loan to plaintiff of $8,500 with which he was to exercise his option to purchase the land. For those reasons it is claimed the findings and judgment are not supported by the evidence.

The complaint alleges that the defendants own sixty acres of farming land in San Joaquin County, subject to a trust deed held by the Federal Farm Mortgage Corporation to secure a previous loan of $4,500 procured by them; that on June 1, 1941, the defendants executed a written lease of the land to the plaintiff for the term of five years, at $816 rental per year for the first three years, payable in installments of $68 per month, and for $1,000 per year for the balance of the term, payable at the rate of $83.33 per month, subject to the performance of specified covenants on the part of the lessee. The lease contained an option for plaintiff to purchase the ranch for $8,500, at any time "prior to the expiration of this lease" upon written notice and upon fulfillment of the covenants of the lease. The complaint alleges the complete fulfillment of all covenants of the lease and an exercise of the option to purchase the land by written notice thereof on May 4, 1944, and a tender of the sum of $8,500 to the defendants, which was refused.

No demurrer to the complaint was filed. The defendants answered, denying the material allegations of the complaint, except that the execution of the lease, which was attached to the complaint as Exhibit "A" thereof, was admitted. As a separate defense the answer alleged the subsequent execution of an agreement between the parties, pursuant to which defendants executed a second option to sell the land to the United States Department of Agriculture, for said sum of

$8,500, and that said second option superseded and rendered void the option to plaintiff contained in the lease. The second option was merely incidental to the negotiation of an $8,500 loan on the land by plaintiff, with which to exercise his option contained in the lease. The second option contained this provision:

"This option is given to enable the Buyer [plaintiff] to obtain a loan from the United States acting by and through the Secretary of Agriculture . . . for the purchase of said lands," for the sum of $8,500.

The court adopted findings favorable to the plaintiff in every essential respect. It was determined that the lease, containing an option for plaintiff to purchase the land during its term for $8,500, was executed; that said purchase price was an adequate consideration; that all of the conditions of the lease were fully performed by plaintiff; that he secured a loan of $8,500 from the United States Farm Securities Administration with which to purchase the land; that he duly exercised his option and tendered said agreed purchase price within the term of said lease, and that the second option was merely incidental to the procuring of said loan with which to purchase the land, and that it did not supersede or annul the option contained in the lease. Judgment for specific performance was thereupon rendered against the defendants, requiring them to execute and deliver their deed of conveyance to the land upon receipt of said sum of $8,500. From that judgment this appeal was perfected.

The court adopted a finding to the effect that the agreed purchase price of $8,500 was an adequate consideration for the land. That finding is supported by the evidence. The court further found that the reasonable value of the land on June 1, 1941, when the lease was executed, was the sum of $7,000, but that owing to plaintiff's efficient farming and improvements supplied, the value of the land was increased to the approximate sum of $12,000 on May 4, 1944, when the option was exercised. But the latter finding is immaterial. Specific performance may not be enforced unless it appears that the seller receives "adequate consideration for the contract." (Civ. Code, § 3391.) But the adequacy of consideration must be determined as of the date of the agreement, and not at the time of performance. (*O'Connell* v. *Lampe,* 206 Cal. 282, 285 [274 P. 336]; 23 Cal.Jur. 442, § 17.) Mr. Moorehead, Secretary-Treasurer of

the Stockton branch of the Federal Land Bank, testified that the property was worth "about $7,000" on June 1, 1941, when the lease was executed. In the O'Connell case, *supra,* a judgment refusing to direct specific performance of an option to purchase real property, which/ like this case, was included in a lease, was reversed because the court erroneously based its findings of inadequacy of consideration at the date of the exercising of the option, instead of at the time of the making of the contract. The court said in that regard:

"The accepted rule in this state is that the question of the inadequacy of the consideration relates to the time of the formation of the contract, that is, the time the contract was made. (*Morrill* v. *Everson, supra* [77 Cal. 114 (19 P. 190)], at page 116; *Andersen* v. *Charles,* 52 Cal.App. 290, 293 [198 P. 641]; *Keim* v. *Lindley* (N.J.Ch.), 30 A. 1063, 1086; 25 R.C.L. 210, par. 10.) The trial court in this case departed from the rule and found an inadequacy of price, not at the time the lease was entered into and the option granted, but at the date on which the option to purchase was exercised. There is no finding of any unfairness or undue delay on the part of the lessee."

The appellants in this case, according to Mr. Moorehead, would receive $1,500 more for their land than it was worth at the time of the execution of the lease. That furnishes evidence in support of the finding that the price was not inadequate. ■ It is not necessary that the agreed price of land shall be absolutely the full value thereof. It is sufficient if it is of the approximate value, so as to preclude the necessary inference of fraud or undue advantage. A vendor may not complain of slight or inconsequential loss of value, in the absence of fraud in procuring the contract. (*Schader* v. *White,* 173 Cal. 441 [160 P. 557].) ■ The increase or diminution of the value of land at the time of the exercise of an option to purchase it does not alter the binding effect of a valid option to sell the land for a specified price. If the option is exercised the vendor may not complain of his loss of increased value of the land due to the lessee's addition of valuable improvements or to his efficient method of farming. The adequacy of consideration is founded on the value of the land at the time of the contract to sell it.

■ The judgment in this case is not void merely be-

cause the complaint failed to allege specifically that the option to purchase the land specified an adequate consideration therefor, or that the contract was just and reasonable as to the vendor. The court had jurisdiction of the parties and of the subject matter. The defendants failed to demur to the complaint. The issue of adequacy of consideration was conceded by the conduct of the defendants at the trial. The court adopted findings to the effect that the agreed purchase price was adequate. The judgment was rendered accordingly. There was no miscarriage of justice.

It is ordinarily true that a complaint for specific performance of a contract to purchase real property should allege facts showing adequacy of consideration and fairness of the transaction. (23 Cal.Jur. 493, § 52.)     But, when those issues are tendered at the trial by consent of the parties and the court adopts findings thereon which are reasonably supported by the evidence, the defendant is not prejudiced by the omission to specifically allege such facts, and the judgment may not be reversed on account of the mere defect of the pleading. (*Bonney* v. *Petty,* 125 Cal.App. 527 [13 P.2d 969]; *Ades* v. *Brush,* 66 Cal.App.2d 436, 444 [152 P.2d 519]; 23 Cal.Jur. 498, § 53; 58 C.J. 1159, §480.) In 23 Cal.Jur. at page 498 it is said in that regard:

"A failure to allege the value may be cured by findings and judgment for the plaintiff, where it is clear that both parties understood the fairness of the contract to be an issue."

In the Ades case, *supra,* although it was not a suit for specific performance, the judgment for plaintiff was affirmed in spite of the fact that a demurrer to the complaint was erroneously overruled. The court declared the general rule with respect to a complaint which defectively alleges a cause of action, as follows:

"It is also well settled that the failure of a complaint to state a cause of action is not fatal to a judgment for the plaintiff unless the appellant can show that the error has resulted in a miscarriage of justice. Where the parties at the trial treat a certain issue as being involved, and the judgment is based on that issue, it is not a prejudicial error that the complaint defectively alleges, *or fails to allege at all,* that issue." (Italics added.)

In the Bonney case, *supra,* which was a suit for specific performance to compel the owner to convey land pursuant

to a written contract for a specified purchase price, the court said, at page 530:

"Although in the case at bar, . . . the amended complaint is defective, the evidence hereinafter set forth shows that the contract is, as to the defendant, just and reasonable and sustained by an adequate consideration and the court has so found. After judgment the amended complaint is sufficient to sustain the action."

In the present case the complaint alleges the execution of the lease, a copy of which is attached to the pleading and marked Exhibit "A," containing the option to purchase the land for the specified sum of $8,500, as the value of the land; that the plaintiff fulfilled all the terms and conditions of the lease, and gave notice in writing on a specified date of his exercise of the option and which tender was refused by the defendants "due solely and exclusively to bad faith upon the part of defendants."

It is true that defendants' attorney repeatedly objected to testimony on the general grounds that it was "incompetent, irrelevant and immaterial," and that it was "not within the scope of the issues raised by the complaint." But not once did he object to evidence on the ground that the complaint failed to state a cause of action. Nor did he ever call the court's attention to the failure of the complaint to specifically allege that the agreement to purchase the property for $8,500 was an adequate consideration, or that the transaction was fair and equitable as to the defendants. The numerous objections of the defendants were directed to plaintiff's effort to prove that the Federal Loan Corporation, which held a trust deed from defendants to secure a previous loan of $4,500, had given defendants notice of foreclosure; that plaintiff had made certain improvements enhancing the value of the ranch, or that plaintiff's notice of exercising his option was made after his fulfillment of all the covenants of the lease. The court suggested, with relation to plaintiff's offer to prove that his improvements and manner of farming the land had increased the value from $7,000 at the time of the execution of the lease to $12,000, that plaintiff had a right to prove anything to show "that the transaction was fair." The defendants' attorney failed to call the court's attention to any such alleged defect in the complaint. In fact, the silence of the defendants' attorney on that issue at that time may reasonably be construed as giving assent

that such evidence of the fairness and reasonableness of the transaction and the value of the land were proper issues. In response to plaintiff's offer to prove by Mr. Moorehead, the Manager of the Federal Loan Corporation, that plaintiff's farming and improvements had increased the value of the ranch to $12,000, this colloquy occurred:

"The Court: Well, of course if you have a valid option and you have exercised the option, most of these other things are irrelevant. Mr. Miller: That's right. The Court: However, you may show . . . that the transaction was fair. Mr. Williams: Fair and equitable. The Court: Fair and equitable."

No objection was then, or at any other time, made by the defendants to testimony sought to be elicited for that purpose. But when Mr. Moorehead was asked, "Q. What was the condition of the [defendants'] loan at that time?" he replied, "In serious default." The witness was then asked: "What had your company done with reference to the loan?" To that question Mr. Miller did object on the ground that the evidence of notice from the Federal Loan Company to foreclose defendants' trust deed for default in payments, was "incompetent, irrelevant and immaterial." He added the inquiry, "What difference does it make as to what his company did?"

Such colloquies fail to even suggest that defendants relied upon a failure of the complaint to allege that the transaction was fair and equitable, or that the consideration was adequate. In fact we think the record, fairly construed, amounts to a concession that those were proper issues to be determined. That is particularly true in the absence of a demurrer to the complaint. It is apparent that if the defendants had suggested those defects of pleading, in the course of the trial, the plaintiff, upon application therefor, would have been granted leave to amend the complaint. Article VI, section 4½, of the Constitution provides that:

"No judgment shall be set aside, . . . in any case, on the ground . . . of the improper admission or rejection of evidence, or for any error as to any matter of pleading, . . . unless . . . the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."

Certainly the failure to allege specifically in the complaint that the contract price of the land fixed by the defendants was adequate, or that the transaction was just

and fair as to them, could not possibly prejudice the defendants, or result in a miscarriage of justice. We are satisfied there was not a miscarriage of justice in this case. The complaint alleged that the sole and only reason why the defendants refused to carry out their agreement to sell the land was founded on their "bad faith." It seems quite evident that the defendants refused to fulfill their agreement to sell the land because the value had increased from their fixed selling price of $8,500, at the time of the execution of the lease, to $12,000, at the time the option was exercised. That does not furnish equitable ground for repudiating the contract.

The defendants' objections to certain questions propounded, on the general grounds that the evidence was "incompetent, irrelevant and immaterial," or that it was "not within the scope of the issues raised by the complaint," were unavailing on appeal from an adverse judgment for the purpose of contending that the pleading failed to allege specifically that the consideration was adequate, or that the transaction was fair and just as to the defendants. (*Howland* v. *Oakland Consolidated St. Ry. Co.*, 110 Cal. 513, 519 [42 P. 983]; *Baker* v. *Miller,* 190 Cal. 263, 266 [212 P. 11]; *Poledori* v. *Newman,* 116 Cal. 375 [48 P. 325]; *Boro* v. *Ruzich,* 58 Cal.App.2d 535, 539 [137 P.2d 51]; 2 Cal.Jur. 241, §§ 70-75; 4 C.J.S. 498, §§ 247, 248.) In the text last cited it is said:

" . . . An objection made in the trial court will not be treated in the appellate court as raising any question for review which is not within the scope of the objection as made, both as to the matter objected to and as to the grounds of the objection, *so that the question may be fairly held to have been brought to the attention of the trial court."* (Italics added.)

In 2 California Jurisprudence, page 245, quoting with approval from the case of *Greiss* v. *State Investment & Ins. Co.,* 98 Cal. 241 [33 P. 195], in which it was claimed on appeal that the answer failed to state facts sufficient to raise a particular issue, the text reads:

"It is unfair for a party to withhold an objection founded upon a defect, which, if pointed out in time, might be remedied, until it is too late to correct the defect, thereby inducing an opponent to rely upon his pleading as sufficient in order that he may have a fatal objection. Such course

is a fraud upon justice and prevents a fair trial. It is therefore not tolerated.''

In the Howland case, *supra,* the Supreme Court held that an objection to evidence on the ground that it was ''irrelevant, immaterial and incompetent, and not a proper hypothetical question,'' was unavailing on appeal, because the ''Appellant should have pointed out the particular defect'' relied upon to exclude the evidence. The court said the specific defect should have been pointed out to the court and adverse counsel so as to permit the correction of that defect, if possible, and thus prevent an unfair trial or a miscarriage of justice. Clearly that principle is applicable to the present case where the appellant relies on defective allegations of the complaint which might have been easily cured by an amendment of the pleading. It is apparent that the omission of a technical defect of a complaint which could be easily cured by a mere interlineation or addition to the pleading should not result in the reversal of a just judgment when the appellant deliberately conceals the real defect by a general objection to evidence, without calling attention to the point upon which he relies. Such procedure would tend to convert a trial into a contest of trickery and stratagem. In the Poledori case, *supra,* it is said in that regard:

''If objection to the introduction of any evidence had been made upon the ground that the defect to which it related *was not alleged in the complaint,* the court would have permitted the plaintiffs to amend their complaint. Parties will not be permitted to lie by and keep silent when evidence is offered, and after the court has rendered its judgment, object thereto upon the ground that the evidence sustaining it was inadmissible under the issues presented by the pleadings.'' (Italics added.)

The foregoing quotation was approved and relied upon as a correct statement of principle in the Boro case, *supra.*

In the Baker case, *supra,* a judgment in favor of the plaintiff for specific performance was affirmed on appeal. The complaint failed to state that the contract sought to be enforced with relation to real property was based on an adequate consideration or that the transaction was just and reasonable as to the defendant. A demurrer to the complaint was overruled. The court said:

''Aside from the statement of the value of the estate, there is not here any attempt to state facts at all—nothing

more than the general language of the statute, *which amounts to a mere conclusion of law without facts to support it.* [Citing authorities.] . . . We are not inclined, however, to reverse the judgment for that reason. Whether the defendant called the attention of the court below to the infirmity of plaintiff's complaint, or only demurred as a matter of form, does not appear. . . .

"The judgment is affirmed." (Italics added.)

The judgment in this case appears to be just and equitable. The findings and judgment are adequately supported by the evidence. The defect in the complaint was waived by the conduct of the defendants at the trial.

The judgment is affirmed.

Peek, J., and Adams, P. J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied December 20, 1945. Edmonds, J., and Schauer, J., voted for a hearing.