[Civ. No. 16835. Second Dist., Div. Two. Apr. 19, 1949.]

M. W. ENGLEMAN, as Assignee for Creditors, etc., Respondent, v. MARIE F. MALCHOW, Appellant.

342

Reay, Scharf & Reay and Russell H. Reay for Appellant.

Craig & Weller for Respondent.

MOORE, P. J.—The assignee of Universal Utilities, an insolvent limited partnership, sued a limited partner to enforce her agreed contribution to the capital. From an adverse judgment such limited partner appeals.

The partnership consisted of two general and five limited partners. By her answer and her testimony as a witness, appellant admitted that she had never paid any part of her promised contribution. Such an admission in itself is sufficient to sustain the judgment of the trial court. However, she contends that other evidence tended to prove that her obligation was discharged. Such other evidence no matter how material or relevant, at its best, could serve only to produce a conflict in the total proof to be resolved by the trial court whose determination may not be disturbed on appeal. (*Crawford* v. *Southern Pacific Co.*, 3 Cal.2d 427, 429 [45 P.2d 183].) Her contention that she should be relieved of all obligations to pay her own subscription by reason of the failure of her associates to pay theirs is no defense. Neither her pleading nor her proof avails her. A contract can be satisfied under law by nothing short of a complete compliance. The violation of every section of the Civil Code by any one or by all of the other partners would not relieve appellant from her primary obligation to creditors who relied upon her compliance with her subscription agreement. By it her lia-

bilities are measured and not by *res inter alios acta* or by the failure of her partners to abide by their obligations.

For the same reason it was not error for the court to exclude evidence of the failure of certain limited partners to pay in full their capital subscriptions. The clear-cut issue was whether appellant had paid the sum she had pledged. The proffered evidence was utterly foreign to that subject and could have served no beneficial purpose.

■ It is asserted that the court disregarded the financial statements taken from the books and records of the partnership which had been lost. There are three answers to such contention. (1) Since the document was received in evidence it is presumed to have been considered. (2) It might properly have been excluded as having had no foundation laid for its admission. (3) But neither its exclusion nor its rejection after admission could have been prejudicial. Since the court adopted the proof that her agreed contribution was not paid, no prejudice could have resulted by a "disregard" of the statement. Hence a reversal on that ground would not be justified. (*Mullanix* v. *Basich,* 67 Cal.App.2d 675, 681 [155 P.2d 130].)

■ Prejudicial error did not result in refusing to grant a new trial for the purpose of hearing the testimony of an accountant with reference to what the books showed as to capital contributions. The testimony of such a witness would have been merely cumulative of the testimony of appellant who deposed that the lost books disclosed a credit to her capital account. It is not probable that such testimony could have effected a different result. When appellant at the trial discovered the need of the witness it was incumbent upon her then promptly to move for a recess in order to obtain the presence of the witness. Failing so to move she was not entitled to a new trial. (*Coats* v. *General Motors Corp.,* 3 Cal.App.2d 340, 356 [39 P.2d 838].) ■ Not only is the order denying a new trial supported by all presumptions of its correctness but the burden is upon appellant to show affirmatively that an order of denial is prejudicially erroneous.

■ Appellant maintains that an assignment for the benefit of creditors dissolves a partnership and therefore plaintiff cannot maintain an action on behalf of a partnership which no longer exists. The answer to this contention is found in Civil Code, section 2424, "On dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed."

■ Appellant contends that the certificate of limited partnership in evidence shows that its organization was in contravention of section 2480 of the Civil Code and is therefore unlawful. That section forbids a contribution of "services" as a part of the capital of a limited partnership. While it is true that the certificate shows that one of the limited partners of Universal Utilities contributed "services rendered of the agreed value of $1,000" besides $2,500 cash, appellant is in no position for the first time on appeal to urge that issue. By her pleading she admitted the organization of the limited partnership "under the laws of the state of California" and admitted by name the personnel constituting the partnership and the amount of her own agreed contribution. The case was tried on the theory that the entity involved is a limited partnership; the findings were made accordingly without protest; motion for a new trial was based upon all the statutory grounds; the affidavit in support thereof made no mention of any defect in the certificate; and presumptively the matter was not argued to the court. Appellant cannot for the first time raise the question of a defective certificate without having first submitted the matter to the trial court. (*Adams* v. *Petroleum Midway Co.*, 205 Cal. 221, 225 [270 P. 668]; *Gerstner* v. *Scheuer, ante*, p. 123 [204 P.2d 937]; *Grimes* v. *Nicholson*, 71 Cal.App.2d 538, 543 [162 P.2d 934]; *Drulinger* v. *Erskine*, 71 Cal.App.2d 492, 497 [163 P.2d 48].)

■ Appellant finally contends that she was not obliged personally to pay her subscription but that it might as well be paid by another on her behalf. In this she is correct but an argument without proof is of no value. Her own testimony is the sum total of her evidence that it was not paid. In consideration of the money loaned by appellant to one of the general partners prior to the formation of the partnership, she received a promissory note secured by a trust deed on real property later transferred to the partnership. Part of the money loaned was subsequently contributed to the partnership by the borrower. However, there is no indication that he contributed it on appellant's behalf. He used it to discharge his own commitment to the partnership.

The judgment is affirmed.

McComb, J., and Wilson, J., concurred.

The opinion was modified April 27, 1949, to read as above.