[Civ. No. 7731.   Third Dist.   Aug. 17, 1950.]

FRANK J. GOMES, Respondent, v. MARY BORBA, Appellant.

J. W. Ehrlich, Roy A. Sharff and Macklin Fleming for Appellant.

John H. Machado and Nathan B. McVay for Respondent.

PEEK, J.—Defendant Mary Borba prosecutes this appeal from a judgment decreeing specific performance by her of a contract to sell real property situated in Stanislaus County to plaintiff Gomes.

Plaintiff's complaint alleged defendant's ownership of the real property involved; the execution of the contract of sale on or about February 2, 1946, whereby defendant agreed to sell and plaintiff agreed to buy the real property involved for a consideration of $53,000; the payment of $1,000 by plaintiff to defendant upon the execution of the agreement as provided therein and defendant's acceptance thereof; the subsequent tender of the balance of the purchase price by plaintiff in compliance with the agreement and defendant's refusal thereof; the adequacy of the consideration in that "the sum of $53,000.00 mentioned in said agreement as the total purchase price of said property and as the consideration for said agreement is and at all times since the execution of said agreement has been a fair and reasonable value of said property"; the making of a demand by plaintiff upon defendant that she perform in accordance with the agreement, and lastly, that plaintiff was ready, willing and able to perform the contract. The foregoing complaint was subsequently amended to include a cause of action for the recovery of damages for the loss of rents, issues and profits from the time plaintiff was entitled to possession under the contract of sale.

Except for her admission of ownership of the property at the time of the execution of the contract of sale defendant's answer generally denied the allegations of the complaint, and affirmatively alleged that no sum less than $70,000 was a fair and reasonable value of the property at the time of said sale. In addition, the amended answer contained several separate and distinct defenses as follows: First, that de-

fendant's consent was induced by means of alleged fraudulent representations made by plaintiff to her and her son; second, that she was a widow over the age of 60 years, without business experience and in ill health and by reason thereof was subject to domination by her son, Frank Borba; that plaintiff persuaded Frank Borba to coerce his mother's signature by falsely representing to him that $53,000 was a high price for the property, and third, that she was not of sound mind at the time of the execution of the contract.

Subsequent to the filing of her answer Mary Borba was adjudged an incompetent person and the foregoing amended answer was filed by her guardians who were her son Frank Borba and her daughter Florence Killian.

Upon the issues thus raised the cause was tried by the court sitting without a jury, and upon the conclusion thereof the court adopted general findings that the allegations of plaintiff were true and specifically that each of defendant's separate defenses was untrue.

Defendant's appeal from the judgment, which was entered accordingly, raises three contentions:

(1) That the judgment is defective for failure of the court to find the contract to be just and reasonable and not the result of harsh practices, (2) that the court applied an erroneous standard in determining the adequacy of the consideration and the consideration was not adequate, and (3) that the court erroneously computed the damages allowed respondent for loss of rent, issues, and profits.

Appellant's first contention is premised upon section 3391 of the Civil Code, which provides that:

"Specific performance cannot be enforced against a party to a contract in any of the following cases:

"1. If he has not received an adequate consideration for the contract;

"2. If it is not, as to him, just and reasonable;

"3. If his assent was obtained by the misrepresentation, concealment, circumvention, or unfair practices of any party to whom performance would become due under the contract, or by any promise of such party which has not been substantially fulfilled; . . . ."

Defendant specifically states that she is not attacking the sufficiency of the pleadings but what she contends to be the failure of the court to find upon the question of the fairness and reasonableness of the contract as to her, from which she concludes that the judgment must be reversed under the

general rule requiring a plaintiff in an action for specific performance to both plead and prove that the contract was just and reasonable. (*George* v. *Weston*, 26 Cal.App.2d 256 [79 P.2d 110]; *Joyce* v. *Tomasini*, 168 Cal. 234 [142 P. 67].) The rule does not apply to the instant case. Although the complaint did not allege facts to show that the contract was just and reasonable (Civ. Code, § 3391; *Joyce* v. *Tomasini*, *supra*) no demurrer was filed and no objection was made at the trial to the sufficiency of the complaint. Moreover, the deficiencies of the complaint were supplied by the affirmative allegations of the answer previously mentioned which put in issue the fairness and justness of the contract. These affirmative allegations were deemed denied by plaintiff under the provisions of section 462 of the Code of Civil Procedure. (See *Remmers* v. *Ciciliot*, 59 Cal.App.2d 113 [138 P.2d 306].) An examination of the record discloses that such issues were the main issues litigated and were vigorously and exhaustively contested. Thus, the judgment may not be reversed on account of the mere defect in pleading. (*Bonney* v. *Petty*, 125 Cal.App. 527 [13 P.2d 969]; *Drullinger* v. *Erskine*, 71 Cal. App.2d 492 [163 P.2d 48].) ▇ Liberally construing, as we must, the findings and the reasonable inferences deducible therefrom in support of the judgment (2 Cal.Jur. pp. 870, 871; *Cushing* v. *Levi*, 117 Cal.App. 94 [3 P.2d 958]) it is apparent that they are sufficiently responsive to the issues so raised and litigated. ▇ Although there is no specific finding that the contract was fair and just the court did find the affirmative matters alleged in defendant's answer to be untrue, thereby inferentially finding the contrary to be true, that is, that the contract was fair and just as to the defendant. ▇ Such findings are adequately supported by the record and cannot be disturbed by this court on appeal.

Appellant's attack upon the finding that the consideration was adequate is likewise devoid of merit. Her contention in this regard is that respondent's expert witnesses based their opinions as to the value of the land on general trends extending over a period of years and did not consider the inflation in land values at the date of execution of the contract to sell. Such contention is not sustained by the record. One of the experts called by defendant testified the value of the property to be $70,000, the other testified the fair value was $65,000. Against this testimony was that of one of the guardians, Frank Borba, that he believed $53,000 was a good

price; of another witness, a banker, real estate broker and farmer for many years in Stanislaus county, as well as presently acting as appraiser for the Veterans Administration and a large life insurance company, who testified that on the date of sale not over $500 per acre would be a fair value or $52,500, and another witness, an inheritance tax appraiser for many years, who testified that on said date $52,500 was the fair market value. Additionally the record shows that approximately a month prior to the date of the contract here in issue, defendant attempted to sell the property for $55,000.

As stated in *Helbing* v. *Helbing*, 89 Cal.App.2d 224 [200 P.2d 560], since adequacy of consideration is peculiarly a question of fact for the trial court to determine in light of all the facts and circumstances of each particular case, a reviewing court will not disturb such a determination unless it can be said that a trial court's conclusion thereon finds no adequate support in the evidence.

In contending that the trial court erroneously computed respondent's damages, appellant does not dispute, nor could she, respondent's right to recover damages for the reasonable value of the rents, issues and profits. (23 Cal.Jur. 508, § 64.) Rather she contends that the rental reserved in the lease to her son conclusively established the amount thereof and that the trial court erred in considering the rental paid her son under the terms of the sublease. We do not agree. It was proper for the trial court to consider the rental paid under both the lease and the sublease in determining the reasonable value of the rent, issues and profits and hence its determination thereof, based upon the amount of rental paid under the sublease, finds support in the record and is binding upon this court on appeal. To hold that the rental paid appellant by her son conclusively established the reasonable value of the rents, issues and profits would deny full effect to appellant's contract to sell the property since such contract contained a condition implied as a matter of law that appellant would transfer to the respondent a title unencumbered and without defect (25 Cal.Jur. 623, § 123), such as appellant's lease. (See 57 A.L.R. 1376.)

The judgment is affirmed.

Adams, P. J., and Van Dyke, J., concurred.

A petition for a rehearing was denied September 16, 1950, and appellant's petition for a hearing by the Supreme Court was denied October 16, 1950. Schauer, J., voted for a hearing.