[Civ. No. 18250.   Second Dist., Div. Two.   May 29, 1951.]

BYRON PEEBLER et al., Respondents, v. J. M. DANZIGER et al., Appellants.

A. Brigham Rose for Appellants.

Roland Maxwell and Paul H. Marston for Respondents.

WILSON, J.—Upon a money judgment in favor of plaintiffs against defendants an execution was issued and levied upon property belonging to defendant Edith W. Danziger, referred to as "cemetery property." Defendant filed with the sheriff an objection to the proposed sale of the property on the ground that it "is a cemetery in which there are numerous buried persons," and that it is exempt from sale by reason of section 690.16 of the Code of Civil Procedure.

Upon a hearing of the claim of exemption the court entered an order declaring that the real property levied upon is not exempt from execution and denying the claim of exemption. Defendant has appealed from the order.

The property consists of approximately five acres. A witness testified that about 750 bodies are buried in the tract. Defendant asserts that because it is denominated a cemetery and bodies of human beings are buried therein it is exempt. Section 690.16 provides among other things that "all cemeteries, . . . owned or held by any town or incorporated city, or dedicated by such town or city to health, ornament or public use, . . ." are exempt from execution. The evidence is that the property in question is privately owned and is not owned or held and has not been dedicated by any town or city. Section 690.26 provides that "At the hearing had for the purpose of determining the claim to exemption, the party claiming the exemption shall have the burden of proof." Since there is no evidence that the property is owned or has been dedicated as provided in section 690.16 the claim of exemption thereunder must fail.

Defendant further contends that the property is exempt from execution by reason of sections 8550 to 8561 inclusive of the Health and Safety Code. No evidence was

offered at the hearing to show the exemption of the property by reason of those sections. This point is raised for the first time on appeal and will therefore not be considered by the court. (*Grimes* v. *Nicholson,* 71 Cal.App.2d 538, 543 [162 P.2d 934]; *Engleman* v. *Malchow,* 91 Cal.App.2d 341 [205 P.2d 413].)

▮ Obviously that portion of the property levied upon that is occupied by graves of human beings cannot be sold under execution. There is no impediment to the sale of such portion of the tract as is not so occupied and was owned by defendant Edith W. Danziger at the time of the levy.

Order affirmed.

Moore, P. J., and McComb, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 26, 1951. Schauer, J., voted for a hearing.