[Civ. No. 16267.   First Dist., Div. Two.   May 11, 1955.]

IRENE BALANCE, Respondent, v. PETER J. PARLATO, Appellant.

Robert R. Cimino for Appellant.

Erskine, Erskine & Tulley for Respondent.

NOURSE, P. J.—Plaintiff sued for the specific performance of a written contract whereby plaintiff agreed to purchase and defendant agreed to sell described real property for the agreed purchase price of $6,500. This sum was alleged to be the fair and reasonable value of the property. The sum was duly deposited in accordance with the contract, but defendant refused to transfer — making a demand for an increased purchase price. His demurrer to the complaint was overruled, and failing to answer, his default was taken and judgment entered as prayed.

His appeal is from the judgment, and therein he attacks the order overruling his demurrer, the order denying his motion for relief from the default and the judgment as a whole.

His criticism of the complaint is that the allegation that the consideration named in the contract is the "fair and reasonable value of the property" does not meet the rule of those cases holding that it must appear that "the contract was just and reasonable" citing, among other cases, *Gomes* v. *Borba,* 99 Cal.App.2d 38, 41 [221 P.2d 124]. In that case the court used the expression "just and reasonable." In others the words are "adequate and reasonable." The whole argument is based upon a play upon words. To be "fair" is to be "just"; to be "reasonable" is to be "adequate"; to be "adequate" is to be "fair" and "just." The demurrer was properly overruled.

Appellant's assigned error in the denial of his motion to vacate his default is without merit. The record discloses that he was given notice—both written and oral— of the time of entry of the order overruling his demurrer. He failed to answer and notice was given that on a future day his default would be taken. He nevertheless failed to reply. His default was properly taken. The resulting judgment is not open to attack on this appeal.

Judgment affirmed.

Kaufman, J., and Draper, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.