[Crim. No. 2424.   Fourth Dist., Div. One.   July 25, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. DEAN ALLAN
REMME, Defendant and Appellant.

Irwin Gostin, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Harvey D. Unrot, Deputy Attorney General, for Plaintiff and Respondent.

BROWN, P. J.—Defendant burglarized an acquaintance's house and took away an automobile and other items. He was convicted of burglary, grand theft, and petty theft. The trial court sentenced him to the terms prescribed by law for the first two offenses, felonies, and to 140 days imprisonment in the county jail for the petty theft, a misdemeaor, crediting him for this sentence with 140 days already served. He filed, *in propria persona,* a notice of appeal. We reversed these convictions *(People* v. *Remme,* nonpublished opinion, District Court of Appeal, Fourth District, Crim. No. 1681, March 26, 1965) solely on technical requirements established by *Escobedo* v. *Illinois,* 378 U.S. 478 [84 S.Ct. 1758, 12 L.Ed.2d 977], and *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], after the trial. On retrial, defendant was charged only with the burglary and grand theft and a jury again convicted him. He appeals from this judgment, contending that since he had been convicted and sentenced for the petty theft, section 654 of the Penal Code bars his further punishment for the burglary and grand theft.

██ Our own review of defendant's second appeal discloses that in his first appeal, defendant filed notice of appeal from his convictions for burglary and grand theft only. He did not appeal the petty theft conviction, even though the briefs of the parties would lead the court to conclude the appeal was from the entire judgment. Nevertheless, it was not improper in the first appeal for this court to have dealt with the entire judgment as being unseverable for the following reason: All three offenses comprised an indivisible course of conduct, and ". . . where the parts of a judgment appealed from are so connected with the remainder that appeal from a part only, affects the other parts or involves a consideration of the whole, the reviewing court will consider and act upon the entire judgment when necessary to accomplish justice." *(Everly Enterprises, Inc.* v. *Altman,* 54 Cal.2d 761, 765 [8 Cal.Rptr. 455, 356 P.2d 199].) In accord: *(Hamasaki* v. *Flotho,* 39 Cal.2d 602, 609 [248 P.2d 910] ; *American Enterprise, Inc.* v. *Van Winkle,* 39 Cal.2d 210, 217-218 [246 P.2d 935] ; *Estate of Murphey,* 7 Cal.2d 712, 717 [62 P.2d 374] ; *Milo* v. *Prior,* 210 Cal. 569, 571 [292 P. 647] ; *Whalen* v. *Smith,* 163 Cal. 360, 362 [125 P. 904, Ann.Cas. 1913E 1319].; see also *Rediker* v. *Rediker,* 35 Cal.2d 796, 798 [221 P.2d 1, 20 A.L.R. 2d 1152].)

Since the entire judgment was reversed it follows that the sentencing for petty theft was included in the reversal. Noth-

ing remained of such sentence; it became nonexistent. Therefore, it is not available to defendant as a bar to punishment when, in the second trial, he was convicted of burglary and grand theft.

The Attorney General concedes defendant has been subjected to multiple punishment in violation of section 654 of the Penal Code in reference to the sentences for both burglary and grand theft which the trial court imposed after the second trial; defendant should have been sentenced for the greater offense only (*In re Romano,* 64 Cal.2d 826 [51 Cal.Rptr. 910, 415 P.2d 798].)

The rule against multiple punishment precludes only multiple sentences, not multiple convictions. (*People* v. *McFarland,* 58 Cal.2d 748, 762-763 [26 Cal.Rptr. 473, 376 P.2d 449].)

Concerning the substantive merits of the convictions, the evidence of defendant's guilt is overwhelming. An eyewitness observed defendant at the acquaintance's house, and saw him take the automobile. The automobile was linked with defendant in Tijuana. There was no prejudicial error, as claimed by defendant, in admitting a Mexican jailer's testimony that defendant had been in jail in Tijuana and connecting him with the stolen automobile; the trial court's rulings on the objections made were correct. Likewise there is no merit in the assertion of prejudicial error in admitting brief testimony concerning defendant's religious affiliations; the objection, because defendant's counsel did not see its relevancy or materiality, was properly overruled. Next, a letter written by defendant while imprisoned in Mexico on another occasion, before he committed the offenses in question, tended logically to establish material facts for the People; its admission into evidence was proper, and defendant's claim of undue prejudice to him from this "bad man" evidence fails. (Accord, *People* v. *Lopez,* 60 Cal.2d 223, 249-250 [32 Cal.Rptr. 424, 384 P.2d 16].)

Defendant's contention that he was denied a speedy trial following the reversal of his first conviction is unmeritorious, because, among other things, he waived his right to be tried within 60 days.

Accordingly, the judgment convicting defendant of burglary and grand theft is affirmed, but the sentence imposing punishment for grand theft is stricken.

Coughlin, J., and Whelan, J., concurred.